DAVID L. GORDON
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 514-3659

ALLEN URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 645-2921

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No.<br>) |
| WYETH HOLDINGS LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

1.   The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, acting at the request of the Regional Administrator of the United States Environmental Protection Agency ("EPA") for Region II, files this complaint and alleges as follows:

## NATURE OF THE ACTION

2. This is a civil action brought pursuant to Sections 106, 107, and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9606, 9607 and 9613(g)(2) ("CERCLA") related to the American Cyanamid Superfund Site (the "Site") in Bridgewater Township, Somerset County, New Jersey. In this action, the United States seeks injunctive relief requiring Wyeth Holdings LLC ("Defendant") to perform the remedies selected in: i) the November 1998 Explanation of Significant Differences related to the remediation of Impoundments 15 and 16 under Record of Decision for Operable Unit 2; and ii) the Record of Decision for Operable Unit 4, signed in September 2012. The United States also seeks to recover costs incurred and to be incurred by the United States in response to releases or threatened releases of hazardous substances at or from the Site.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANT

5. Defendant Wyeth Holdings LLC is a Delaware corporation with its principal

place of business in New Jersey, and is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## STATUTORY BACKGROUND

6.   CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

7.   Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat . . .

8.   Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1)   the owner and operator of a vessel or a facility,
>
> (2)   any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, [and]
>
> (3)   any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances,
>
> \*   \*   \*

shall be liable for –

(A)     all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . .

## SITE DESCRIPTION AND FACTUAL BACKGROUND

9. The Site encompasses approximately 435 acres in Bridgewater Township, New Jersey. The Site is generally bounded by NJ Transit to the north, the Raritan River to the west and south, and Interstate 287 to the east. In addition, the Site includes a triangular parcel of land situated between the Conrail freight rail line and the Raritan River in the Borough of Bound Brook, New Jersey.

10. The Site was used for chemical and/or pharmaceutical manufacturing operations from 1915 to 1999.

11. In December 1994, American Home Products Corporation purchased the American Cyanamid Company, which owned the Site.

12. In March 2002, American Home Products Corporation changed its name to Wyeth Corporation, which in October 2009 was purchased by Pfizer Inc. and became a wholly owned subsidiary of Pfizer, Inc. In October 2013, Wyeth Holdings Corporation changed its name to Wyeth Holdings LLC; however it remained a wholly-owned subsidiary of Pfizer, Inc.

13. During the time the Site was used for manufacturing, numerous organic and inorganic chemical raw materials were used to produce products including rubber chemicals, pharmaceuticals, dyes, pigments, chemical intermediates, and petroleum-based products.

14. As a result of these manufacturing activities, 27 storage and disposal areas, referred to as "impoundments," were constructed and used at the Site.

15. Of the 27 impoundments at the Site, 21 were used for disposal of by-products of rubber chemical production, dye production, and coal tar distillation, and/or for disposal of general plant waste and demolition debris.

16. Impoundments 3, 4, and 5 were used for disposal of process waste from manufacturing and industrial operations and contain elevated levels of volatile organic compounds ("VOCs"), semi-volatile organic compounds ("SVOCs"), and/or metals.

17. Impoundments 13, 17, and 24 were used for disposal of wastewater sludge and contain elevated levels of VOCs, SVOCs, and/or metals.

18. Impoundments 15 and 16 were used for the disposal of iron oxide waste.

19. Groundwater underlying the Site is contaminated with VOCs, SVOCs, and metals, including benzene, chlorobenzene, ethylbenzene and xylene.

20. Site soils contain VOCs, SVOCs, and inorganics.

21. In December 2010, investigations revealed that four seeps were observed along the banks of the Raritan River discharging benzene among other VOCs.

22. The Site was placed on the National Priorities List ("NPL") on September 8, 1983. The NPL is a national list of hazardous waste sites posing the greatest threat to health, welfare, and the environment, and was established pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

23. Following the NPL listing in 1983, the New Jersey Department of Environmental Protection ("NJDEP") served as the lead governmental agency for the investigation and cleanup of the Site.

24. Due to the nature and complexity of the Site, NJDEP separated the Site into seven Operable Units.

25. Under NJDEP's original designation of operable units, Operable Unit 2 pertained to Impoundments 15, 16, 17, and 18.

26. In July 1996, NJDEP, with EPA's concurrence, issued a Record of Decision for Operable Unit 2, which selected a remedy for Impoundments 15, 16, 17, and 18.

27. In November 1998, NJDEP, with EPA concurrence, issued an Explanation of Significant Differences, which altered the Operable Unit 2 remedy for Impoundments 15 and 16 from excavation and consolidation to off-site recycling.

28. The November 1998 Explanation of Significant Differences for Operable Unit 2 also required backfilling, grading, and re-vegetation of Impoundments 15 and 16.

29. In 2009, EPA assumed the role of the lead governmental agency at the Site.

30. On July 19, 2011 EPA and Defendant entered into a Settlement Agreement and Order on Consent (Docket No. CERCLA-02-2011-2015) requiring the design and construction of a groundwater removal system to intercept and capture the releases of contaminated groundwater originating from the Site into the Raritan River. The groundwater capture system includes a collection trench, a containment wall, and an interim groundwater treatment plant. This system was completed in May 2012 and is currently operating.

31. On September 27, 2012, EPA, with NJDEP concurrence, issued a Record of Decision for Operable Unit 4 which selected remedies to address Site-wide soils, groundwater, and the contents of Impoundments 3, 4, 5, 13, 17 and 24. The Operable Unit 4 Record of

Decision also encompasses the work to address seepages into the Raritan River as previously set forth in the Settlement Agreement and Order on Consent (Docket No. CERCLA-02-2011-2015).

## GENERAL ALLEGATIONS

32. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

33. There have been releases or threatened releases of hazardous substances into the environment at or from the Site, within the meaning of Sections 101(14), 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14), 9601(22) and 9607(a).

34. As a result of the releases or threatened releases of a hazardous substance at or from the Site, EPA has incurred and will continue to incur response costs, within the meaning of Sections 101(25) and 107 of CERCLA, 42 U.S.C. §§ 9601(25) and 9607, to respond to the releases or threatened releases of hazardous substances at or from the Site.

35. At least $1,800,000, plus interest, of EPA's response cost incurred at the Site remain unreimbursed by liable parties.

36. The response costs incurred by EPA in connection with the Site were incurred in a manner not inconsistent with the National Contingency Plan, promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

## FIRST CLAIM FOR RELIEF

37. Paragraphs 1-36 are realleged and incorporated herein by reference.

38. The President, through his delegatee, the Regional Administrator of EPA Region II, has determined that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of a release or threatened release of hazardous

substances at or from the Site.

39. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate a danger or threat at the Site.

40. NJDEP, with EPA's concurrence, selected in the OU 2 Record of Decision, as altered by the Operable Unit 2 Explanation of Significant Difference, a remedy to abate the dangers and/or threats caused by contaminants in Impoundments 15 and 16.

41. EPA, with NJDEP concurrence, selected in the Operable Unit 4 Record of Decision a remedy to abate the dangers and/or threats caused by contaminants in Site-wide soils, groundwater, and Impoundments 3, 4, 5, 13, 17 and 24.

42. Pursuant to Section 106(a) of CERCLA, 42, U.S.C. § 9606(a), Defendant is liable to perform the remedies identified in the Operable Unit 2 Record of Decision, as altered by the Operable Unit 2 Explanation of Significant Differences, and Operable Unit 4 Record of Decision, which are necessary to abate the endangerment to the public health or welfare or the environment caused by the Site.

## SECOND CLAIM FOR RELIEF

43. Paragraphs 1-42 are realleged and incorporated herein by reference.

44. Defendant is a person, or successor-in-interest to a person, who at the time of disposal of a hazardous substance owned a facility from which there was a release or threatened release of a hazardous substance, which has caused and continues to cause EPA to incur response costs.

45. Defendant is also the current owner of a facility from which there is a release or threatened release of a hazardous substance, which has caused and continues to cause EPA to incur response costs.

46. Pursuant to Section 107(a)(1) and (2) of CERCLA, 42 U.S.C. § 9607(a)(1) and (2), Defendant is liable to the United States for all costs incurred and to be incurred by the United States in connection with Site, including enforcement costs and interest on all such costs.

47. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment on liability that will be binding on any subsequent action to recover further response costs at the facility.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Order Defendant to perform the remedial actions for the remedies selected in the Operable Unit 2 Record of Decision, as altered by the Operable Unit 2 Explanation of Significant Differences, and Operable Unit 4 Record of Decision;

b. Order Defendant liable to reimburse the United States for all response costs incurred relating to the Site, including interest, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

c. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), enter a declaratory judgment on liability that will be binding on any subsequent action to recover further response costs at the facility;

d. Award the United States its response costs in bringing this action, including the costs of attorney time; and

e.  Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

JOHN CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Dated: 9/28/15

/s/ David L. Gordon

DAVID L. GORDON
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 514-3659


PAUL J. FISHMAN
United States Attorney
District of New Jersey

ALLAN URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 645-2921

OF COUNSEL:

AMELIA WAGNER
Office of Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway, 17th Floor
New York, NY 10007-1866
(212) 637-3141